```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
ELIVRA CALLAHAN and TENDER FOOT                                  :   REPORT AND
CARE, PLLC,                                                      :   RECOMMENDATION
                           Plaintiffs,                           :
                                                                 :   1:20-CV-04986 (RPK)(PK)
            -against-                                            :
                                                                 :
                                                                 :
WYCKOFF HEIGHTS MEDICAL CENTER                                   :
and STEPHEN D'ORAZI,                                             :
                                                                 :
                           Defendants.                           :
---------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

This action was originally brought in the Supreme Court of the State of New York, County of Queens by Elvira Callahan and Tender Foot Care, P.L.L.C. (collectively, "Plaintiffs") against Wyckoff Heights Medical Center and Stephen D'Orazi (collectively, "Defendants"). (*See* Ex. A to Notice of Removal, Verified Complaint ("Complaint"), Dkt. 1-2.) Defendants removed the case to this Court on October 16, 2020. (Notice of Removal, Dkt. 1.) Before the Court on referral from the Honorable Rachel P. Kovner is Plaintiffs' Motion to Remand (Dkts. 18, 21) and Defendants' Motion for Attorneys' Fees (Dkts. 15, 23) (Referral Order dated Dec. 23, 2020). For the reasons stated herein, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted and Defendants' Motion for Attorneys' Fees be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2020, Plaintiffs electronically filed the Summons and Verified Complaint in the Supreme Court of the State of New York, County of Queens.[1] (Complaint, Dkt. 1-2 at 34-35.) The Complaint alleges employment discrimination and retaliation under Title VII of the Civil Rights Act

---

[1] The signed Summons and Complaint are dated March 28, 2020.

1

of 1964 ("Title VII"), the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, and New York City Human Rights Law, New York City Adm. Code § 8-107 *et seq.,* as well as breach of an employment contract, account stated, quantum meruit, unjust enrichment, fraud and negligence. (*See id.* at 9-25.)

On September 15, 2020, Plaintiffs served Defendants with a copy of the Summons and Complaint. (Ex. B to Motion to Remand.)

On October 16, 2020, Defendants removed the action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1446, on the basis that the action included federal claims arising under Title VII. (Notice of Removal at 2.)

On October 20, 2020, Maria B. Biaggi, counsel for Defendants, communicated with Linda F. Fedrizzi, counsel for Plaintiffs, requesting an extension of time to answer the Complaint. (Linda F. Fedrizzi Affirmation in Support ("Fedrizzi Aff.") ¶ 11, Dkt. 21-1.) Fedrizzi responded by email, consenting to the request, and adding, "Question – since the complaint contains only State claims, why did you remove to Federal Court?" (*Id.*; Ex. D to Fedrizzi Aff., Dkt. 21-6 at 4.) Biaggi responded, "The Complaint contains multiple federal Title VII claims." (*Id.* at 5.) According to Fedrizzi, "We had a courteous, almost jokingly, exchange when defense counsel said Plaintiffs' pled a federal claim. I literally said no I didn't, to which she yes you did." (Fedrizzi Aff. ¶ 11 (errors in original).)

That same day, Plaintiffs' counsel reviewed the Complaint and realized she "had, in fact filed the wrong complaint." (Fedrizzi Aff. ¶ 13.) According to Fedrizzi, "Federal Court was originally contemplated as the jurisdiction for the action, but a final decision was made to file in State Court and forgo the Title VII claims." (*Id.*) Plaintiffs' counsel modified the Complaint accordingly, but in the process of editing, she had several versions of the Complaint. (*Id.*) Because of the COVID-19 pandemic, counsel had to discharge her support staff and move her office to her home, where she

worked alone. (*Id.* ¶ 14.) She states, "As a result, in error," she electronically filed the wrong version of the Complaint that still contained two Title VII federal causes of action. (*Id.* ¶¶ 13, 14.)

On October 21, 2020, the parties' counsel communicated again regarding Defendants' request for an extension of time to answer the Complaint. (*Id.* ¶ 16.) During this conversation, Plaintiffs' counsel informed Defense counsel that she "had checked the complaint and [Defense counsel] was correct about the Title VII claim[s] in the complaint." (*Id.* ¶ 17.) Plaintiffs' counsel told Defendants' counsel that "the inclusion of the Title VII claim[s] was inadvertent and a clerical error" and stated that she "would amend the complaint, withdraw the federal claim[s] and [they] could stipulate to remand the case to State Court." (*Id.*) Defendants' counsel informed Plaintiffs' counsel that she "would have to speak with her superiors at the firm" regarding Plaintiffs' counsel's request. (*Id.*)

On the same day, Defendants filed the request for an extension of time to answer the Complaint with Plaintiffs' consent. (Dkt. 9.) The Court granted the request for an extension of time to answer, extending the deadline for Defendants to answer the Complaint from October 23, 2020 to November 23, 2020. (Order dated Oct. 23, 2020.)

On October 22, 2020, Defendants' counsel informed Plaintiffs' counsel that her supervisor "refused to allow [Plaintiffs] to voluntarily withdraw the Title VII claim[s] and remand this action to state court where it was initiated…." (Fedrizzi Aff. ¶ 19.) An email from Biaggi that day confirmed that Defendants "will not be stipulating to the withdrawal of the Title VII claims." (Ex. F to Fedrizzi Aff., Dkt. 21-8.)

On November 12, 2020, Defendants requested a premotion conference in advance of filing a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 11.) Among the arguments Defendants advanced was that the Title VII claims should be dismissed for failure to obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 1-2.) The Court found that a premotion conference was not necessary and set a

briefing scheduling, including a deadline of December 23, 2020 for Defendants to file their motion to dismiss. (Order dated Nov. 25, 2020.) On December 2, 2020, Defendants requested an extension of that deadline.

On December 2, 2020, Plaintiffs requested leave to file a cross-motion "to amend the complaint to *withdraw all* of the federal claims plead therein" and "to address any alleged deficiencies raised" in Defendants' proposed motion, and to remand the matter to state court. (Dkt. 14 at 1 (emphasis in original).) Defendants opposed the request, also stating that if the Court grants Plaintiffs' motion to amend and remands the case, "Plaintiffs should, as a condition, have to first pay the costs and attorney fees incurred by Defendants associated with removal and preparation of our pre-motion letter, pursuant to 28 U.S.C § 1447." (Dkt. 15 at 1.) The Court granted Plaintiffs leave to amend the Complaint and deferred ruling on any request to remand and for attorneys' fees. (First Order dated Dec. 11, 2020.) The Court also adjourned all the deadlines in the briefing schedule for the motion to dismiss. (Second Order dated Dec. 11, 2020.)

On December 18, 2020, the Plaintiffs filed an Amended Complaint that did not contain the two federal claims. (Dkt. 17.) Plaintiffs also filed a letter advising the Court that they withdrew all federal claims and that "all parties are domiciliary of New York State." (Dkt. 18.)

By order dated December 23, 2020, the Court construed Defendants' letter at ECF Docket 15 as a motion for costs and attorneys' fees, and Plaintiffs' letter at ECF Docket 18 as a motion to remand, and referred both motions to the Honorable Steven M. Gold for a report and recommendation.[2]

On December 29, 2020, at Defendants' request (Dkt. 19), the Court stayed the action pending a decision on Plaintiff's Motion to Remand and Defendant's Motion for Attorneys' Fees (Order dated Dec. 29, 2020).

---

[2] This matter was reassigned to the undersigned on January 12, 2021.

4

Plaintiffs filed the Motion to Remand on February 16, 2021. (Dkt. 21.) Defendants filed their opposition on March 23, 2021 (Defs. Opp., Dkt. 24), and Plaintiffs filed their reply on May 4, 2021 (Pls. Reply, Dkt. 28). Defendants filed the Motion for Attorneys' Fees on March 23, 2021. (Dkt. 23.) Plaintiffs filed their opposition on April 13, 2021 (Pls. Opp., Dkt. 27), and Defendants filed their reply on May 4, 2021 (Defs. Reply, Dkt. 34).

## DISCUSSION

### I.  Motion to Remand

Federal courts have original jurisdiction over actions arising under federal law. 28 U.S.C. § 1331. Actions brought in state court may be removed to federal court on the basis of such subject matter jurisdiction. 28 U.S.C. § 1446. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c).

It is undisputed that removal of the action was proper because the Complaint asserted two causes of action under Title VII. Plaintiffs moves for remand "on the basis that this Court lacks subject matter jurisdiction over the case" because the subsequently filed Amended Complaint no longer contains those federal claims. (Plaintiffs' Memorandum of Law in Support of Motion ("Pls. Mem. in Supp."), Dkt. 21-2 at 8.)

"'[T]he presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal'…." *Pac. Legwear, Inc. v. Sizemore* (*Sizemore*), No. 16-CV-2064 (JMF), 2016 WL 2766664, at *2 (S.D.N.Y. May 11, 2016) (*quoting Gan v. Hillside Ave. Assocs.*, No. 01-CV-8457 (AGS), 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001).) Upon removal, the court acquires supplemental jurisdiction over any state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, "a post-removal amendment of the

5

complaint 'that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction.'" *Sizemore*, 2016 WL 2766664, at *2 (emphasis omitted). Rather, "when plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367." *Spehar v. Fuchs*, No. 02-CV-9352 (CM), 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003).

In making that determination, district courts balance the values of judicial economy, convenience, fairness, and comity, *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York,* 464 F.3d 255, 262 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill* (*Cohill*), 484 U.S. 343 (1988)), and also consider whether the party seeking remand engaged in forum manipulation. *Spehar*, 2003 WL 23353308, at *7-8. "[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims…." *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) (citing *Cohill*, 484 U.S. at 345 ("the district court has a powerful reason to choose not to continue to exercise jurisdiction" when only state claims remain).) This general rule is "well settled." *Klein & Co. Futures, Inc.,* 464 F.3d at 262.

Defendants argue that the case should not be remanded to state court because Plaintiffs have engaged in forum shopping and manipulation. They submit that Plaintiffs' counsel's claim that she filed the "wrong complaint" "does not ring true" (Defs. Opp. at 1), and that Plaintiffs' counsel "should have been aware that she drafted and served a Complaint alleging federal claims," yet only amended the Complaint to eliminate the federal claims when faced with the prospect of a motion to dismiss. (*Id.* at 2-3, 5.) They point to the three months between the filing of the Complaint and its service on Defendants during which Plaintiffs could have realized and fixed the purported "'error.'" (*Id.* at 4.)

6

They also note that the same facts are alleged to support the Title VII claims as to support the state and city law claims, stating that "[i]n essence, this was a Title VII lawsuit." (*Id.*)

The record does not support a finding that Plaintiffs have engaged in forum shopping or manipulation. Rather, it shows that Plaintiffs committed a bona fide clerical error during an early stage of the case by inadvertently filing a version of the Complaint that contained federal claims. (*See* Pls. Mem. in Supp. at 1.) Plaintiffs' counsel's explanation that she only learned about the error post-removal is supported by her remark to Defendants' counsel in the course of email communications on October 20, 2020, asking, "Question – since the complaint contains only State claims, why did you remove to Federal Court?" (Ex. D to Fedrizzi Aff., Dkt. 21-6 at 4.) The wording and timing of this question only days after removal indicate that it is a genuine inquiry into the basis for the removal rather than manipulation. *Cf Payne v. Parkchester N. Condos.*, 134 F. Supp. 2d 582, 588 (S.D.N.Y. 2001) (plaintiffs found to have manipulated forum because they waited seven months before moving to remand, discovery had occurred, and the district court was already familiar with case through pre-motion conferences.)

After being informed that the Complaint contains multiple federal Title VII claims, Plaintiffs' counsel checked the Complaint, confirmed that this was true, and informed Defendants' counsel the very next day that inclusion of the federal claims in the Complaint was inadvertent, and that Plaintiffs would seek to amend the Complaint and withdraw those claims. (Fedrizzi Aff.¶ 17.) Such prompt action to inform Defendants' counsel of the error supports the conclusion that the presence of the federal claims in the Complaint was an editing mistake rather than an unfair attempt to lure Defendants to remove the matter to federal court and then attempt to remand it back to state court "merely because their federal case begins to look unfavorable." *Brooks v. PrePaid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1301 (M.D. Ala. 2001).

Defendants complain that Plaintiffs did not immediately file a motion to amend the Complaint or remand the case, but waited approximately a month before requesting leave to file a "cross-motion" to amend and remand, in response to Defendants' proposed motion to dismiss. (Defs. Opp. at 8.) They contend, "Clearly, Plaintiffs were forum shopping at Defendants' expense, after the Court had granted Defendants permission to move to dismiss all but one of Plaintiffs' facially deficient claims." (Defs. Opp. at 5.) Defendants also argue that, in the interests of judicial efficiency and basic fairness, the case should not be remanded because Defendants "have already begun an attempt to resolve this case on the merits" and the "motion [to dismiss] is already researched and Judge Kovner has given permission to make the motion." (Defs. Opp. at 1-2, 7.)

A delay of a month between informing Defendants of their intention to file a motion to amend and remand and then actually filing it is not proof of manipulation. Moreover, permitting a motion to dismiss to proceed hardly constitutes such an "unfavorable turn" in litigation that would prompt a party to forum shop, *see Brooks*, 153 F. Supp. 2d at 1302, especially since the Amended Complaint effectively conceded Defendants' main argument for why the federal claims should be dismissed. In Defendants' letter seeking permission to file a motion to dismiss, they argued that the Title VII claims should be dismissed because "Plaintiffs have failed to allege that they obtained a right to sue letter from the EEOC." (Dkt. 11 at 1-2.) Thus, even Defendants contend that this case does not have a federal "hook" such that it belongs in federal court.

Finally, judicial efficiency and basic fairness do not favor denial of the motion to remand. Defendants fail to show that the district court has familiarity with this case such that it would be more fair or efficient for the Court to retain jurisdiction. Neither Judge Kovner nor the undersigned has attained familiarity with the case (except to the extent necessary to resolve the instant motions). No pre-motion conferences were held, and an initial scheduling conference was canceled at Defendants' request. (Dkt. 12; Order dated Nov. 30, 2021.) No discovery has occurred. (Pls. Mem. in Supp. at

8

10.) All deadlines for the motion to dismiss have been adjourned and the time for Defendants to answer, move or otherwise respond to the Amended Complaint has been stayed. (Order dated Dec. 29, 2020.)

Because this case is in its early stages, Defendants would not be prejudiced by the remand. "District courts typically remand actions under these circumstances." *Nanavati v. New Sch. for Soc. Rsch.*, No. 20-CV-935 (AT), 2020 WL 1876359, at *2 (S.D.N.Y. Apr. 15, 2020) (case remanded where parties only filed pre-motion letters in anticipation of motion to dismiss, plaintiff filed amended pleading, no initial conference was held, and no discovery had begun.)

In the absence of evidence of manipulation or forum shopping, and having weighed the values of judicial efficiency and basic fairness, the undersigned respectfully recommends that the Court exercise its discretion and remand the case to state court.

## II.    Motion For Attorneys' Fees

Defendants request that, if the Court grants the motion to remand, Plaintiffs be required to pay Defendants' attorneys' fees and costs incurred as a result of the removal. (Defs. Opp. at 3, 10-11; Motion for Attorneys' Fees, Dkt. 34.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c). The Supreme Court has held that an award of costs and fees is discretionary and must be "just." *In Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005) ("Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just.") In defining this standard, the Court held, "we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied." *Martin*, 546 U.S. at 139. Thus, there is "no heavy congressional thumb on either side of the scales…." *Id.*

Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 971 F.2d

9

917, 924 (2d Cir. 1992). In exercising its discretion to award attorneys' fees or costs, the district court looks at "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Id.* (citation omitted).

Plaintiffs argue, however, that "sanctions under Section 1447(c) are available only to the party *seeking* remand," and therefore does not afford Defendants a basis for recovering costs and fees. (Dkt. 27 at 11 (emphasis in original) (*citing Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 600 (D. Md. 2008 ("Although section 1447(c) permits an award of costs and expenses to a party seeking remand of a case improperly removed, it does not permit such an award in a case where the initial removal was proper.").) In *Ramotnik*, the district court reasoned that costs related to removal itself are not incurred "*as a result of* the removal," and the legislative history strongly supports a reading of the statute as seeking to deter improper removal, while the same protection is not needed to protect against parties seeking remand. *Ramotnik*, 568 F. Supp. 2d at 601-602 (emphasis in original).

In response, Defendants point out that courts have awarded fees to the removing party, including in two of the cases cited by Plaintiffs. (Dkt. 34 at 4 (citing *Barraclough v. ADP Auto Claims Servs., Inc.*, 818 F. Supp. 1310, 1313 (N.D. Cal. 1993); *Brooks*, 153 F. Supp. 2d at 1302-03.)

Typically, a request for costs and fees is made by the plaintiff, alleging that the removal was improper. *See Bynes v. City of El Mirage*, No. 06-CV-2406 (PHX)(RCB), 2006 U.S. Dist. LEXIS 92943, at *3 (D. Ariz. Feb. 26, 2009). Thus, the analysis of Section 1447(c) usually focuses on the reasonableness of the removal and whether there was an "objectively reasonable basis" for such removal. In discussing the standard for imposing fees under Section 1447(c), the Supreme Court stated,

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a

10

plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.

*Martin,* 546 U.S. at 141 (citations omitted).

The Second Circuit has not specifically ruled on the issue, but "courts agree that 'section 1447(c) does not authorize an award of costs or fees when the initial removal was proper.'" *Neal v. Scapa N. Am.*, No. 3:09-CV-1171 (JBA), 2010 WL 1882310, at *3 (D. Conn. May 11, 2010) (collecting cases) (declining to impose fees under 1447(c) even though "Plaintiff's assertion that the two federal claims were included in his amended complaint in state court in 'error' stretches credulity.")

In cases where fees have been awarded to removing defendants, courts have found that plaintiff engaged in improper and troubling conduct. "Courts have held that sanctions may be awarded to a removing defendant under this provision where a plaintiff's misleading assertions or gamesmanship have delayed the remand." *United Servs. Auto Ass'n v. Maytag Corp.*, No. 3:07-CV-343 (RNC), 2009 U.S. Dist. LEXIS 146754, at *9-10 (D. Conn. Feb. 20, 2009) (finding "precisely such gamesmanship" where plaintiff failed to raise the issue requiring remand until the case was trial-ready and a potentially dispositive motion was pending). In *Barraclough,* the plaintiff filed a state action, then served requests for admission that defendant violated a federal statute that had not been pled and twice acknowledged she was pursuing that federal claim, which she later conceded was meritless. After defendant removed the matter to federal court based on plaintiff's representations, plaintiff moved to remand. *Barraclough*, 818 F. Supp. at 1313. The court condemned this type of manipulation, characterizing it as a form of "jockeying" "from state court to federal court and back to state court" which drains resources and cannot be condoned. *Id.* (*quoting Austwick v. Board of Education*, 555 F.Supp. 840, 842 (N.D. Ill. 1983)) Likewise, in *Brooks,* the court expressed concern about "plaintiffs who devilishly move to limit their damages and return to state court only after litigation has taken an unfavorable turn," by drafting complaints "that do not show with unmistakable clarity" that they seek

11

damages below the $75,000 threshold required for diversity jurisdiction. *Brooks*, 153 F. Supp. 2d at 1302. Thus, plaintiff's conduct in these cases could constitute "unusual circumstances warrant[ing] a departure" from the rule against such awards. *Martin*, 546 U.S. at 141.

Here, as discussed above, the record does not show that Plaintiffs' counsel intentionally misled Defendants or engaged in gamesmanship. (*See* Pls. Reply at 12; Pls. Opp. at 8-12; Defs. Reply at 4.) Not only was the initial filing of the Complaint in error, but when Plaintiffs' counsel discovered her mistake, she immediately informed Defendants' counsel and not long thereafter took steps to remedy it.

Moreover, as Plaintiffs' counsel points out, even if the Complaint had been filed deliberately, an award of fees to Defendants would not be justified. (Dkt. 27 at 11-12.) Absent undue delay or other improper manipulation, plaintiffs are permitted both to file federal claims in state court and then to delete those claims to return to state court. *Singh v. Prudenital Ins. Co. of Am.*, 200 F. Supp. 2d 193, 199 (E.D.N.Y. 2002) ("Although the Court may take into consideration a plaintiff's motive in dropping federal claims, there is no *per se* prohibition against dropping federal claims in order to avoid federal jurisdiction.") (citing *Cohill*, 484 U.S. at 357.) *See also Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 518 (D. Md. 2006) (granting motion to dismiss federal claim even though plaintiff may have "moved to dismiss his ADEA claim in an effort to destroy federal jurisdiction.")

In *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995), the Ninth Circuit reversed an award of fees under Section 1447(c) where a plaintiff filed an amended complaint and then moved for remand. After concluding that Section 1447(c) did not authorize an award of fees to the non-removing party, it added,

> Even if section 1447(c) authorized an award of fees or costs where the initial removal was proper, it would have been an abuse of discretion to impose such an award in this case. A plaintiff is entitled to file both state and federal causes of action in state court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or dismiss them with leave of the court. The district court has discretion to grant or deny

12

> remand.  Those are the pieces that comprise plaintiffs' allegedly manipulative pleading practices.  We are not convinced that such practices were anything to be discouraged.

*Baddie,* 64 F.3d at 490.

Accordingly, because Plaintiffs did not engage in improper conduct that rose to the level of manipulation or other unusual circumstances, the undersigned respectfully recommends that no costs and attorneys' fees be awarded under 28 U.S.C. § 1447 (c).

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted, and that this action be remanded to the Supreme Court of the State of New York, County of Queens.  The undersigned respectfully recommends that Defendants' Motion for Attorneys' Fees be denied.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

                                             **SO ORDERED:**

                                             *Peggy Kuo*
                                             PEGGY KUO
                                             United States Magistrate Judge

Dated:   Brooklyn, New York
              September 14, 2021